UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUELA CARREON ZENTENO and | : |
| PABLO MOLINO CORTES | : |
| 218 N. Chelsea Avenue | : |
| Atlantic City, NJ   08401 | : |
| | : |
| vs. | : CIVIL ACTION NO. 03CV4284 (SSB) |
| | : |
| 759 RAMSEY AVE. CORP. | : |
| t/a E. Weit Machinery Co. | : **SECOND AMENDED** |
| 759 Ramsey Avenue | : **COMPLAINT, JURY DEMAND** |
| Hillside, New Jersey 07205 | : **AND CERTIFICATION** |
| and | : **PURSUANT TO L-CV-11-2 AND** |
| JENSEN USA | : **CERTIFICATION OF** |
| 4211 Pleasant Road | : **AMOUNT IN CONTROVERSY** |
| Fort Mill, SC | : |
| and | : |
| DIRECT MACHINERY SALES | : |
| CORPORATION | : |
| 50 Commerce Street | : |
| Hicksville, NY   11801 | : |
| and | : |
| ATLANTIC CITY LINEN SUPPLY, | : |
| INC. | : |
| 18 North New Jersey Avenue | : |
| Atlantic City, NJ   08401 | : |
| and | : |
| TRUMP PLAZA ASSOCIATES | : |
| Mississippi Avenue and the Boardwalk | : |
| Atlantic City, NJ   08401 | : |
| and | : |
| TRUMP CASINOS, INC. | : |
| 2500 Boardwalk | : |
| Atlantic City, NJ   08401 | : |
| and | : |
| TRUMP HOTEL CORPORATION | : |
| 2500 Boardwalk | : |
| Atlantic City, NJ   08401 | : |
| and | : |

| | |
|---|---|
| TRUMP CASINO HOLDINGS COMPANY, LLC<br>1000 Boardwalk<br>Atlantic City, NJ   08401 | :<br>:<br>:<br>: |
| and | : |
| TRUMP HOTELS AND CASINO RESORTS HOLDINGS, LLP.<br>1000 Boardwalk<br>Atlantic City, NJ   08401 | :<br>:<br>:<br>: |
| and | : |
| TRUMP HOTELS AND CASINO RESORTS, INC.<br>2500 Boardwalk<br>Atlantic City, NJ   08401 | :<br>:<br>:<br>: |

1.    Plaintiffs, Manuela Carreon Zenteno and Pablo Molino Cortes, are Mexican citizens and are currently domiciled at 2605 Fairmount Avenue, Atlantic City, New Jersey.

2.    Plaintiffs, Manuela Carreon Zenteno and Pablo Molino Cortes, have not been admitted to the United States for permanent residence.

3.    Defendant, 759 Ramsey Ave. Corp. t/a E. Weit Machinery Co., is and was at all times material hereto a New Jersey corporation or other entity existing under the laws of the State of New Jersey with its principal place of business at 759 Ramsey Avenue, Hillside, New Jersey.

4.    At all times material hereto, 759 Ramsey Ave. Corp. traded as E. Weit Machinery Company and was in the business of selling, leasing and otherwise distributing commercial laundry equipment.

5. Defendant, Jensen USA, is a corporation organized and existing pursuant to the laws of the State of North Carolina and at all times material hereto had its principal place of business at 4211 Pleasant Road, Fort Mill, South Carolina.

6. At all times material hereto, Jensen USA was in the business of manufacturing, selling and otherwise distributing commercial laundry equipment.

7. Defendant, Direct Machinery Sales Corporation, is a corporation or other entity organized and existing pursuant to the laws of the State of New York and at all times material hereto had its principal place of business at 50 Commerce Street, Hicksville, New York.

8. At all times material hereto, Direct Machinery Sales Corporation, was in the business of selling, servicing, leasing, and otherwise distributing commercial laundry equipment.

9. Defendant, Atlantic City Linen Supply, Inc., is a corporation or other entity organized and existing pursuant to the laws of the State of New Jersey, with its current principal place of business located at 18 North New Jersey Avenue, Atlantic City, New Jersey.

10. At all times material hereto, defendant, Atlantic City Linen Supply, Inc., was in the commercial laundry business which bought, sold, serviced and leased commercial laundry equipment.

11. Defendant, Trump Plaza Associates, was at all times material hereto, a New Jersey general partnership or other form of business entity doing business as Trump Plaza

Hotel and Casino with its principal place of business at Mississippi Avenue and the Boardwalk, Atlantic City, New Jersey.

12. At all times material hereto, defendant, Trump Plaza Associates, operated a business which included a commercial laundry which bought, sold, serviced and leased commercial laundry equipment.

13. Defendant, Trump Casinos, Inc., is a corporation or other entity organized and existing pursuant to the laws of the State of New Jersey, and at all times material hereto had its principal place of business at 2500 Boardwalk, Atlantic City, New Jersey.

14. At all times material hereto, defendant, Trump Casinos, Inc., was a partner with defendant, Trump Plaza Associates, and/or is its successor and operated a business which included a commercial laundry which bought, sold, serviced and leased commercial laundry equipment.

15. Defendant, Trump Hotel Corporation, is a corporation or other entity organized and existing pursuant to the laws of the State of New Jersey and at all times material hereto, had its principal place of business at 2500 Boardwalk, Atlantic City, New Jersey.

16. At all times material hereto, defendant, Trump Hotel Corporation, was a partner with defendant, Trump Plaza Associates, and/or is it successor and operated a business which included a commercial laundry which bought, sold, serviced and leased commercial laundry equipment.

17. Defendant, Trump Casino Holdings Company, LLC., is a corporation or

other entity organized and existing under the laws of the state of Delaware with its principal place of business at 1000 Boardwalk, Atlantic City, New Jersey, 08401.

18.  At all times material hereto, defendant, Trump Casino Holdings Company, LLC, was a partner with defendant, Trump Plaza Associates, and/or is its successor and operated a business which included a commercial laundry which bought, sold, serviced and leased commercial laundry equipment.

19.  Defendant, Trump Hotels and Casino Resorts Holdings, LLP., was at all times material hereto, a partnership or other entity organized and existing under the laws of the State of Delaware with a principal place of business at 1000 Boardwalk, Atlantic City, New Jersey.

20.  At all times material hereto, defendant, Trump Hotels and Casino Resorts Holdings, LLP, was a partner with defendant, Trump Plaza Associates, and/or is its successor and operated a business which included a commercial laundry which bought, sold, serviced and leased commercial laundry equipment.

21.  Defendant, Trump Hotels and Casino Resorts Inc., was at all times material hereto, a corporation or other entity organized and existing under the laws of Delaware with a principal place of business at 2500 Boardwalk, Atlantic City, New Jersey.

22.  At all times material hereto, defendant, Trump Hotels and Casino Resorts, Inc., was a partner with defendant, Trump Plaza Associates, and/or is its successor and operated a business which included a commercial laundry which bought, sold, serviced and leased commercial laundry equipment.

23. Defendants, ABC, 1-100, referred to generally in the following paragraphs as ABC defendants, are corporations or other entities whose identities are presently unknown and which conducted business, by, through and/or with Trump Plaza Associates and its related businesses as a partner of, or with, Trump Plaza Associates and/or are its successors and operated a business which included a commercial laundry which bought, sold, serviced and leased commercial laundry equipment.

24. Defendants, XYZ, 1-100, referred to generally in the following paragraphs as XYZ defendants, are corporations, and/or predecessors and/or successors, of corporations or other entities whose identities are presently unknown which, at all times material hereto, were in the business of manufacturing, selling, leasing, repairing, servicing, transporting, assembling or otherwise distributing commercial laundry equipment.

## JURISDICTION

25.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 based upon diversity of citizenship and the amount of controversy which is in excess of $150,000.

## VENUE

26.     Venue is based upon 28 U.S.C. §1391.

## COUNT I

27.     Plaintiff incorporates by reference paragraphs 1 through 26, inclusive as though fully set forth herein at length.

28.     On February 9, 2002, plaintiff, Manuela Carreon Zenteno, was employed by Hospitality Linen Services of New Jersey at its facility located at 7 N. Franklin Blvd., Pleasantville, New Jersey.

29.     In the course of performing her duties for Hospitality Linen Services, plaintiff, Manuela Carreon Zenteno, was guiding linen into a commercial ironing roller machine when her hand and arm became caught and mangled in the machine.

30.     Plaintiff, Manuela Carreon Zenteno, suffered damages to her hand and arm including a crush injury, degloving up to her elbow and severe burns to the tissues of her arm and hand resulting in an amputation of her arm below the elbow.

31.     The commercial laundry equipment in which plaintiff, Manuela Carreon Zenteno, was injured was sold and/or leased or otherwise supplied to Hospitality Linen by

defendant 759 Ramsey Avenue Corporation t/a E. Weit Machinery Company.

32. The commercial laundry equipment in which plaintiff, Manuela Carreon Zenteno, was injured was manufactured, sold and/or otherwise distributed by defendant, Jensen USA, and/or its predecessor.

33. The commercial laundry equipment in which plaintiff, Manuela Carreon Zenteno, was injured was sold, assembled, serviced and/or leased, distributed or otherwise placed in the stream of commerce by defendant, Direct Machinery Sales Corporation.

34. The commercial laundry equipment in which plaintiff, Manuela Carreon Zenteno, was injured was purchased by defendants Trump Plaza Associates, Trump Casinos, Inc., Trump Hotel Corporation, Trump Casino Holdings Company, LLC, Trump Hotels and Casino Resorts Holdings, LLP, and/or Trump Hotels and Casino Resorts, Inc. and/or their predecessors and/or successors.

35. In October of 1999, Trump Plaza Associates, and/or Trump Casinos, Inc., Trump Hotel Corporation, Trump Casino Holdings Company, LLC, Trump Hotels and Casino Resorts Holdings, LLP, and/or Trump Hotels and Casino Resorts, Inc., their predecessors and/or partners sold the commercial laundry equipment in which plaintiff, Manuela Carreon Zenteno, was injured to defendant, 759 Ramsey Avenue Corp. t/a E. Weit Machinery Company.

36. During the time that the referenced commercial laundry equipment was in the possession of defendants, Trump Plaza Associates, Trump Casinos, Inc., Trump Hotel

Corporation, Trump Casino Holdings, LLC., Trump Hotels and Casino Resorts Holdings, LLP. and/or Trump Hotels and Casino Resorts, Inc. and/or their predecessors or partners, the defendants assembled, serviced and operated the equipment.

37. The commercial laundry equipment in which plaintiff, Manuela Carreon Zenteno, was injured was obtained by defendant, Atlantic City Linen Supply, Inc., from defendant, 759 Ramsey Ave. t/a E. Weit Machinery Co., in October of 1999.

38. The defendant, Atlantic City Linen Supply, Inc., held the commercial laundry equipment on which Manuela Carreon Zenteno was injured for a period of approximately eighteen months during which time it assembled, serviced and operated the equipment.

39. Some time thereafter, defendant, Atlantic City Linen Supply, Inc., returned the equipment to defendant, 759 Ramsey Corp. t/a E. Weit Machinery Company who, in August of 2001, sold and delivered the equipment to Hospitality Linen where plaintiff, Manuela Carreon Zenteno, was injured as described in the preceding paragraphs.

40. The equipment on which plaintiff, Manuela Carreon Zenteno, was injured as described in the preceding paragraphs was designed, fabricated, manufactured, sold, distributed, supplied or otherwise placed into the stream of commerce by defendant, 759 Ramsey Avenue Corporation t/a E. Weit Machinery Company, in a defective condition, was unreasonably dangerous to users of the equipment, including the plaintiff, Manuela Carreon Zenteno, and was unsafe for its intended and foreseeable use.

41. The equipment on which plaintiff, Manuela Carreon Zenteno, was injured

as described in the preceding paragraphs was designed, fabricated, manufactured, sold, distributed, supplied or otherwise placed into the stream of commerce by defendant, Jensen USA, and/or its predecessor in a defective condition, was unreasonably dangerous to users of the equipment, including the plaintiff, Manuela Carreon Zenteno, and was unsafe for its intended and foreseeable use.

42. The equipment on which plaintiff, Manuela Carreon Zenteno, was injured as described in the preceding paragraphs was designed, fabricated, manufactured, sold, distributed, supplied or otherwise placed into the stream of commerce by defendant, Direct Machinery Sales Corp in a defective condition, was unreasonably dangerous to users of the equipment, including the plaintiff, Manuela Carreon Zenteno, and was unsafe for its intended and foreseeable use.

43. The equipment on which plaintiff, Manuela Carreon Zenteno, was injured as described in the preceding paragraphs was sold, distributed, supplied or otherwise placed into the stream of commerce by defendant, Atlantic City Linen Supply, Inc. in a defective condition, was unreasonably dangerous to users of the equipment, including the plaintiff, Manuela Carreon Zenteno, and was unsafe for its intended and foreseeable use.

44. The equipment on which plaintiff, Manuela Carreon Zenteno, was injured as described in the preceding paragraphs was sold, distributed, supplied or otherwise placed into the stream of commerce by defendant, Trump Plaza Associates and/or Trump Casinos, Inc. and/or Trump Hotel Corporation and/or Trump Casino Holdings Company, LLC. and/or Trump Hotels and Casino Resorts Holdings, LLP and/or Trump Hotels and

Casino Resorts, Inc. In October of 1999,Trump Plaza Associates, and/or Trump Casinos, Inc., Trump Hotel Corporation, Trump Casino Holdings Company, LLC, Trump Hotels and Casino Resorts Holdings, LLP, and Trump Hotels and Casino Resorts, Inc., in a defective condition, was unreasonably dangerous to users of the equipment, including the plaintiff, Manuela Carreon Zenteno, and was unsafe for its intended and foreseeable use.

45.     The equipment on which plaintiff, Manuela Carreon Zenteno, was injured as described in the preceding paragraphs was sold, distributed, supplied or otherwise placed into the stream of commerce by defendant, ABC Corporation, in a defective condition, was unreasonably dangerous to users of the equipment, including the plaintiff, Manuela Carreon Zenteno, and was unsafe for its intended and foreseeable use.

46.     The equipment on which plaintiff, Manuela Carreon Zenteno, was injured as described in the preceding paragraphs was designed, fabricated, manufactured, sold, distributed, supplied or otherwise placed into the stream of commerce by defendant, XYZ Corporation in a defective condition, was unreasonably dangerous to users of the equipment, including the plaintiff, Manuela Carreon Zenteno, and was unsafe for its intended and foreseeable use.

47.     As the direct and proximate result of the actions and/or omissions of defendants, 759 Ramsey Avenue Corporation t/a E. Weit Machinery Company and/or Jensen USA and/or its predecessor and/or Direct Machinery Sales Corporation and/or Atlantic City Linen Supply, Inc. and/or Trump Plaza Associates and/or Trump Casinos, Inc. and/or Trump Hotel Corporation and/or Trump Casino Holdings Company, LLC.

and/or Trump Hotels and Casino Resorts Holdings, LLP and/or Trump Hotels and Casino Resorts, Inc.  In October of 1999,Trump Plaza Associates, and/or Trump Casinos, Inc., Trump Hotel Corporation, Trump Casino Holdings Company, LLC, Trump Hotels and Casino Resorts Holdings, LLP, Trump Hotels and Casino Resorts, Inc. and ABC and XYZ Corporations, and/or their predecessors or successors, and/or their predecessors or successors, plaintiff, Manuela Carreon Zenteno, suffered severe and permanent personal injuries, shock, emotional trauma, physical and mental pain and suffering and other losses and will in the future be caused to suffer such losses, including but not limited to, loss of employment, loss of ability to pursue her normal and daily activities; was caused to incur medical expenses and will in the future be caused to incur such medical expenses; has undergone amputation, surgeries, therapy and medical care in an effort to treat the injuries she sustained and will in the future require further surgery, therapy and medical care for such injuries.

WHEREFORE, plaintiff, Manuela Carreon Zenteno, demands judgment against defendants, 759 Ramsey Avenue Corporation t/a E. Weit Machinery Company, Jensen USA, Direct Machinery Sales Corporation, Atlantic City Linen Supply, Inc., Trump Plaza Associates, and/or Trump Casinos, Inc., Trump Hotel Corporation, Trump Casino Holdings Company, LLC, Trump Hotels and Casino Resorts Holdings, LLP, and Trump Hotels and Casino Resorts, Inc., ABC defendants and XYZ defendants,  jointly and severally, for damages, interest and costs of suit.

## COUNT II

48. Plaintiff incorporates by reference paragraphs 1 through 47, inclusive as though fully set forth herein at length.

49. Defendants, 759 Ramsey Avenue Corporation t/a E. Weit Machinery Company, Jensen USA and/or its predecessor, Direct Machinery Sales Corporation, Atlantic City Linen Supply, Inc., Trump Plaza Associates, and/or Trump Casinos, Inc., Trump Hotel Corporation, Trump Casino Holdings Company, LLC, Trump Hotels and Casino Resorts Holdings, LLP, and Trump Hotels and Casino Resorts, Inc., ABC Corporation and XYZ Corporation, individually and/or collectively, were careless and negligent in designing, fabricating, manufacturing assembling, servicing, repairing, modifying, transporting, selling, distributing and/or supplying the equipment to Hospitality Linen which caused plaintiff's injuries.

50. As a direct and proximate result of the negligence and carelessness of Defendants, 759 Ramsey Avenue Corporation t/a E. Weit Machinery Company, Jensen USA and/or its predecessor, Direct Machinery Sales Corporation, Atlantic City Linen Supply, Inc., Trump Plaza Associates, and/or Trump Casinos, Inc., Trump Hotel Corporation, Trump Casino Holdings Company, LLC, Trump Hotels and Casino Resorts Holdings, LLP, and Trump Hotels and Casino Resorts, Inc., ABC Corporation and XYZ Corporation, individually and/or collectively, Manuela Carreon Zenteno was caused to suffer severe and permanent personal injuries, shock and emotional trauma, physical and mental pain and suffering and other losses and will in the future be caused to suffer such

losses, including but not limited to, loss of time from employment; loss of the ability to pursue her normal and daily activities; was caused to incur medical expenses and will in the future be caused to incur such medical expenses; has undergone surgery, therapy and medical care in an effort to treat the injury she sustained and may in the future require further surgery, therapy and medical care for such injuries.

WHEREFORE, plaintiff, Manuela Carreon Zenteno, demands judgment against defendants, 759 Ramsey Avenue Corporation t/a E. Weit Machinery Company, Jensen USA, Direct Machinery Sales Corporation, Atlantic City Linen Supply, Inc., Trump Plaza Associates, and/or Trump Casinos, Inc., Trump Hotel Corporation, Trump Casino Holdings Company, LLC, Trump Hotels and Casino Resorts Holdings, LLP, and Trump Hotels and Casino Resorts, Inc., ABC Corporation and XYZ Corporation, jointly and severally, for damages, interest and costs of suit.

## COUNT III

51. Plaintiff, Pablo Molino Cortes, incorporates by reference the allegations contained in the First and Second Counts above as though fully set forth at length.

52. Plaintiff, Pablo Molino Cortes, is the husband of Manuela Carreon Zenteno.

53. As a result of the injuries suffered by his wife, plaintiff Manuela Carreon Zenteno, plaintiff Pablo Molino Cortes, has been deprived of her services, consortium and companionship.

WHEREFORE, plaintiff, Pablo Molino Cortes, demands judgment against

defendants, 759 Ramsey Avenue Corporation t/a E. Weit Machinery Company, Jensen USA, Direct Machinery Sales Corporation, Atlantic City Linen Supply, Inc., Trump Plaza Associates, and/or Trump Casinos, Inc., Trump Hotel Corporation, Trump Casino Holdings Company, LLC, Trump Hotels and Casino Resorts Holdings, LLP, and Trump Hotels and Casino Resorts, Inc., ABC Corporation and XYZ Corporation, jointly and severally, for damages, interest and costs of suit.

RAYNES, McCARTY, BINDER, ROSS & MUNDY

BY:  /s/ Eugene D. McGurk, Jr.
EUGENE D. McGURK, JR., ESQUIRE
116 White Horse Pike
Haddon Heights, NJ  08035
(856) 564-5454
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues.

RAYNES, McCARTY, BINDER, ROSS & MUNDY

BY:  /s/ Eugene D. McGurk, Jr.
EUGENE D. McGURK, JR., ESQUIRE
116 White Horse Pike
Haddon Heights, NJ  08035
(856) 546-5454
Attorney for Plaintiffs

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

RAYNES, McCARTY, BINDER, ROSS & MUNDY

By:     /s/ Eugene D. McGurk, Jr.
        EUGENE D. McGURK, JR., ESQUIRE
        116 White Horse Pike
        Haddon Heights, NJ   08035
        (856) 564-5454
        Attorney for Plaintiffs

## CERTIFICATION OF AMOUNT IN CONTROVERSY

I hereby certify that the damages in controversy in this matter exceed the sum of $150,000.

RAYNES, McCARTY, BINDER, ROSS & MUNDY

By:     /s/ Eugene D. McGurk, Jr.
        EUGENE D. McGURK, JR., ESQUIRE
        116 White Horse Pike
        Haddon Heights, NJ   08035
        (856) 564-5454
        Attorney for Plaintiffs